### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

AMERICAN INTERNATIONAL GROUP,
INC., AIG SECURITIES LENDING
CORPORATION, AMERICAN
GENERAL ASSURANCE COMPANY,
AMERICAN GENERAL LIFE AND
ACCIDENT INSURANCE COMPANY,
AMERICAN GENERAL LIFE
INSURANCE COMPANY, AMERICAN
GENERAL LIFE INSURANCE
COMPANY OF DELAWARE,
AMERICAN HOME ASSURANCE
COMPANY, AMERICAN
INTERNATIONAL GROUP
RETIREMENT PLAN, CHARTIS
PROPERTY CASUALTY COMPANY,
CHARTIS SELECT INSURANCE
COMPANY, CHARTIS SPECIALTY
INSURANCE COMPANY, COMMERCE
AND INDUSTRY INSURANCE
COMPANY, FIRST SUNAMERICA LIFE
INSURANCE COMPANY, LEXINGTON
INSURANCE COMPANY, NATIONAL
UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA, NEW
HAMPSHIRE INSURANCE COMPANY,
SUNAMERICA ANNUITY AND LIFE
ASSURANCE COMPANY,
SUNAMERICA LIFE INSURANCE
COMPANY, THE INSURANCE
COMPANY OF THE STATE OF
PENNSYLVANIA, THE UNITED STATES
LIFE INSURANCE COMPANY IN THE
CITY OF NEW YORK, THE VARIABLE
ANNUITY LIFE INSURANCE
COMPANY, and WESTERN NATIONAL
LIFE INSURANCE COMPANY,

Plaintiffs,

-against-

BANK OF AMERICA CORPORATION,
BANC OF AMERICA SECURITIES LLC,
BANK OF AMERICA, NATIONAL
ASSOCIATION, BANC OF AMERICA
FUNDING CORPORATION, BANC OF
AMERICA MORTGAGE SECURITIES,
INC., ASSET BACKED FUNDING

Case No:

Removed From:

Supreme Court of the State of
New York, County of New
York, No. 652199/2011

# 11 CIV 6212



CORPORATION, NB HOLDINGS )
CORPORATION, MERRILL LYNCH & )
CO., INC., MERRILL LYNCH )
MORTGAGE LENDING, INC., FIRST )
FRANKLIN FINANCIAL )
CORPORATION, MERRILL LYNCH )
MORTGAGE CAPITAL INC., MERRILL )
LYNCH CREDIT CORPORATION, )
MERRILL LYNCH, PIERCE, FENNER & )
SMITH INC., MERRILL LYNCH )
MORTGAGE INVESTORS, INC., )
COUNTRYWIDE FINANCIAL )
CORPORATION, COUNTRYWIDE )
CAPITAL MARKETS LLC, )
COUNTRYWIDE HOME LOANS, INC., )
COUNTRYWIDE SECURITIES )
CORPORATION, CWABS, INC., )
CWALT, INC., CWHEQ, INC., and )
CWMBS, INC., )
)
         Defendants. )
)
)
)
)
)
)
)
)
)
)

## NOTICE OF REMOVAL

     PLEASE TAKE NOTICE that Bank of America Corporation, Banc of America Securities

LLC, Bank of America, National Association, Banc of America Funding Corporation, Banc of

America Mortgage Securities, Inc., Asset Backed Funding Corporation, NB Holdings

Corporation, Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Lending, Inc., First Franklin

Financial Corporation, Merrill Lynch Mortgage Capital Inc., Merrill Lynch Credit Corporation,

Merrill Lynch, Pierce, Fenner & Smith Inc., Merrill Lynch Mortgage Investors, Inc.,

Countrywide Financial Corporation, Countrywide Capital Markets LLC, Countrywide Home

Loans, Inc., Countrywide Securities Corporation, CWABS, Inc., CWALT, Inc., CWHEQ, Inc.,

and CWMBS, Inc. (collectively, the "Defendants") hereby remove Case No. 652199/2011, filed

in the Supreme Court of the State of New York, County of New York, to the United States

District Court for the Southern District of New York.[1]  Because this Court has original

jurisdiction over actions, like this one, involving a national bank and arising out of transactions

involving international or foreign banking, or banking in a dependency or insular possession of

the United States, and because this action is "related to" bankruptcy proceedings arising under

Title 11 of the United States Code, this action is removable pursuant to 12 U.S.C. § 632, as well

as 28 U.S.C. §§ 1334 and 1452.

## I.    PROCEDURAL HISTORY AND BACKGROUND

1.    On August 8, 2011, Plaintiffs American International Group, Inc., AIG Securities

Lending Corporation, American General Assurance Company, American General Life and

Accident Insurance Company, American General Life Insurance Company, American General

Life Insurance Company of Delaware, American Home Assurance Company, American

International Group Retirement Plan, Chartis Property Casualty Company, Chartis Select

Insurance Company, Chartis Specialty Insurance Company, Commerce and Industry Insurance

Company, First SunAmerica Life Insurance Company, Lexington Insurance Company, National

Union Fire Insurance Company of Pittsburgh, PA, New Hampshire Insurance Company,

SunAmerica Annuity and Life Assurance Company, SunAmerica Life Insurance Company, the

Insurance Company of the State of Pennsylvania, the United States Life Insurance Company in

---

[1]    The Defendants appear for the purpose of removal only and for no other purpose.  The Defendants expressly preserve and do not waive any and all rights, claims and defenses of any nature whatsoever, including, without limitation, all defenses relating to jurisdiction, venue and arbitrability.  See, e.g., Cantor Fitzgerald. L.P. v. Peaslee, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses," including "defense of lack of personal jurisdiction."); Gay v. Carlson, No. 89 Civ. 4757 (KMW), 1991 WL 190584, at *5 (S.D.N.Y. Sept. 17, 1991) ("[M]erely by removing a case from state to federal court a party does not waive any of its defenses under Rule 12(b).").

the City of New York, the Variable Annuity Life Insurance Company, and Western National Life Insurance Company ("Plaintiffs") commenced this action (the "State Court Action") by filing a Summons and Complaint in the Supreme Court for the State of New York, County of New York, captioned *American International Group, et al. v. Bank of America Corporation, et al.* (the "Complaint").

2.      Among the Defendants is Bank of America, N.A., a national bank organized under the laws of the United States.

3.      Plaintiffs allege that the originators of loans (the "Mortgage Loans") underlying the residential mortgage-backed securities they purchased (the "Certificates") "encouraged borrowers to falsify loan applications, pressured property appraisers to inflate home values, and ignored obvious red flags in the underwriting process." Compl. at ¶ 3.  According to Plaintiffs, the underwriting guidelines in the lending process "had been replaced by an undisclosed governing principle:  Defendants would originate or acquire any loan that could be sold to third-party investors . . . no matter how risky." *Id.* at ¶ 4.

4.      The offering documents relating to the Certificates generally include statements to the effect that the properties underlying the Mortgage Loans "may be located in . . . Guam, Puerto Rico or any other territory of the United States."  And, in fact, some of the Mortgage Loans were originated in dependencies or insular possessions of the United States.  Moreover, the loan pools included Mortgage Loans originated by subsidiaries of foreign banks; foreign bank subsidiaries even issued some of the Certificates purchased by Plaintiffs.  Accordingly, removal is proper under 12 U.S.C. § 632.

5.      Defendants are alleged to have been issuers, sellers, sponsors, originators, underwriters, and/or depositors for the relevant offerings, or are alleged to be otherwise liable for the conduct of the defendant entities that served in these roles in the relevant offerings.  Compl. at ¶¶ 2, 51-76.

6.      Plaintiffs purport to bring claims against the Defendants under the Securities Act of 1933 and common law based on alleged misstatements and/or omissions of material fact in connection with their purchases of the Certificates at issue.  See Compl. at ¶¶ 461-521.

7.      The Sponsors of certain Certificates have filed petitions for relief under the United States Bankruptcy Code.  Therefore, removal to this Court pursuant to 28 U.S.C. § 1452(a) is proper because this Court has original jurisdiction over this action as one "related to" bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b).

8.      The allegations against the Defendants also arise in part from Certificates backed by Mortgage Loans originated or acquired by entities that have filed petitions for relief under the United States Bankruptcy Code, or whose parent corporations have filed petitions for relief under the United States Bankruptcy Code.  For this reason also, removal to this Court pursuant to 28 U.S.C. § 1452(a) is proper because this Court has original jurisdiction over this action as one "related to" bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b).

9.      The Defendants' time to respond to the Summons and Complaint has not yet expired, and no defendant has served or filed an answer or motion or otherwise appeared in the State Court Action.

10.     No motion or other proceedings in this action are pending in the State Court Action.

## II.     PROCEDURAL REQUIREMENTS FOR REMOVAL

11.     The Defendants received the Summons and Complaint on August 8, 2011. In accordance with 28 U.S.C. § 1446(a), copies of the Summons and Complaint, as well as all process, pleadings, and orders served in this action, are attached hereto as Exhibit A.

12.     Removal is timely under 28 U.S.C. § 1446(b) because the Defendants filed this Notice of Removal within 30 days after receipt of the Complaint.

13.     Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because this district embraces the County of New York, in which the State Court Action was originally pending. See 28 U.S.C. § 112(b).

14.     The Defendants will promptly serve all parties with a true and correct copy of this Notice of Removal pursuant to 28 U.S.C. § 1446(d). Pursuant to Fed. R. Civ. P. 5(d), the Defendants will file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

15.     In accordance with 28 U.S.C. § 1446(d), the Defendants will promptly file with the Clerk of the Supreme Court of the State of New York, County of New York, a true and correct copy of this Notice of Removal.

16.     Each of the Defendants served in the Action consents to removal of the Action to this Court, subject to and without waiving any defenses and rights available to them.

17.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

## III.     BASIS FOR JURISDICTION UNDER 12 U.S.C. § 632

18.     This Court has original jurisdiction over this action because it names a corporation organized under the laws of the United States as a party, asserts claims under common law or equity, and "aris[es] out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries." 12 U.S.C. § 632.

19.     Defendant Bank of America, N.A., as a chartered national banking association, is organized under the laws of the United States and Plaintiffs have asserted causes of action for common law fraud and negligent misrepresentation. See Bank of America Corp. v. Lemgruber, 385 F. Supp. 2d 200, 214-15 (S.D.N.Y. 2005) (noting Bank of America, N.A. is a corporation organized under the laws of the United States, satisfying Section 632).

20.     Plaintiffs' claims concern mortgage lending practices of the Defendants and other originators of the Mortgage Loans, including their practices in dependencies and insular possessions of the United States. See, e.g., Burgos v. Citibank, N.A., 432 F.3d 46, 47 n.1, 49 (1st Cir. 2005) ("Section 632 applies to banking transactions in Puerto Rico," such as "mortgage loan agreements."). Investors were told that the pools of loans underlying the Certificates may include loans on properties located in those jurisdictions and, in some instances, such loans were included.

21.     Subsidiaries of foreign banks originated some of the Mortgage Loans included in these loan pools, and in some instances issued or underwrote the actual Certificates purchased by Plaintiffs.  See Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 792 (2d Cir. 1980) (Section 632 jurisdiction premised on a transaction in New York where a New York corporation—no longer a defendant in the action—drew on a letter of credit that benefitted a foreign corporation); Contitrade Servs. Corp. v. Eddie Bauer, Inc., 794 F. Supp. 514, 517 (S.D.N.Y. 1992) (upholding jurisdiction where two of eight letters of credit issued by a national bank for an American company benefitted a foreign corporation).

22.     "A suit satisfies the jurisdictional prerequisites of Section 632 if *any part of it* arises out of transactions involving international or foreign banking." Bank of America Corp. v. Lemgruber, 385 F. Supp. 2d 200, 214 (S.D.N.Y. 2005) (emphasis in original) (citation omitted). Thus, federal courts "routinely" extend federal jurisdiction on the basis of Section 632 "in cases based on state law causes of action and containing only an incidental connection to banking law," and "even though the international or foreign banking activity was not central to the case." In re Lloyd's Am. Trust Fund Litig., 928 F. Supp. 333, 340 (S.D.N.Y. 1996) (collecting cases). For instance, the court in Bank of America Corp. v. Lemgruber found that a claim alleging breach of a stock purchase agreement involved international banking given that the warranties of the issuing corporation were rendered untrue by, in part, "fraudulent loans, and purchases of bogus certificates of deposit." 385 F. Supp. 2d at 215; see also People of Puerto Rico v. Eastern Sugar Assocs., 156 F.2d 316, 318-20 (1st Cir. 1946) (finding jurisdiction "clear" under Section 632 for petition to condemn land in Puerto Rico; the suit "arose out of a transaction involving banking in an insular possession of the United States" by virtue of bank's mortgage on the land).

23.     Section 632 confers jurisdiction even if only "a small portion" of the transactions underlying Plaintiffs' allegations involve mortgages originated by a subsidiary of a foreign bank or secured by properties in a dependency or insular possession of the United States.  See Pinto v. Bank One Corp., 2003 WL 21297300, at *3 (S.D.N.Y. June 4, 2003) (holding that credit card transactions at issue were "foreign" for purposes of Section 632 when only five of them—"a small portion of the total listed on all [plaintiff's] statements"—used a non-party bank located in Bermuda as a merchant bank).

## IV.     BASIS FOR "RELATED TO" BANKRUPTCY JURISDICTION

24.     This Court has original jurisdiction over this action as one "related to" bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b), and this action may be removed to this Court pursuant to 28 U.S.C. § 1452(a).

25.     The Sponsors of certain Certificates (or the parent companies of said Sponsors) have filed petitions for relief under the United States Bankruptcy Code (the "Bankrupt Sponsors").  The Bankrupt Sponsors include but are not limited to American Home Mortgage Investment Corp. and Lehman Brothers Holdings, Inc.

26.     The allegations against the Defendants arise in part from Certificates backed by Mortgage Loans originated or acquired by entities that have filed petitions for relief under the United States Bankruptcy Code, or whose parent corporations have filed petitions for relief under the United States Bankruptcy Code (the "Bankrupt Originators").  The Bankrupt Originators include but are not limited to:  Ace Mortgage Funding LLC; Alliance Bancorp; Alliance Bancorp Inc. (f/k/a United Financial Mortgage Corp.); American Home Mortgage Corp.; Cal Coast

Mortgage Corp.; Cameron Financial Group, Inc.; ComUnity Lending, Inc.; First NLC Financial Services LLC; Homebanc Mortgage Corporation; Lancaster Mortgage Bankers, LLC; Meritage Mortgage Corporation; Mountain View Mortgage Company; Oak Street Mortgage LLC; People's Choice Home Loan Inc.; Premier Mortgage Funding, Inc.; and Thornburg Mortgage Home Loans, Inc.

27.     On November 5, 2007, Ace Mortgage Funding LLC filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re Ace Mortgage Funding, LLC*, Case No. 08-12645.

28.     On July 13, 2007, Alliance Bancorp filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re Alliance Bancorp*, Case No. 07-10942.

29.     On July 13, 2007, Alliance Bancorp Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re Alliance Bancorp Inc.*, Case No. 07-10943.

30.     On August 6, 2007, American Home Mortgage Investment Corp. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re American Home Mortgage Investment Corp.*, Case No. 07-11048.

31.     On August 6, 2007, American Home Mortgage Corp.'s parent, American Home Mortgage Holdings, Inc., filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re American Home Mortgage Holdings, Inc.*, Case No. 07-11047 (CSS).

32.     On October 5, 2006, Cal Coast Mortgage Corporation filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of California, *In re Cal Coast Mortgage Corp.*, Case No. 06-02981.

33.     On February 19, 2008, Cameron Financial Group, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, *In re Cameron Financial Group, Inc.*, Case No. 08-10322.

34.     On January 4, 2008, ComUnity Lending, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California, *In re ComUnity Lending, Inc.*, Case No. 08-50030 (CN).

35.     On January 18, 2008, First NLC Financial Services LLC filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Florida, *In re First NLC Financial Services, LLC*, Case No. 08-10632.

36.     On August 9, 2007, Homebanc Mortgage Corporation filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re Homebanc Mortgage Corp.*, Case No. 07-11079-KJC.

37.     On August 31, 2007, Lancaster Mortgage Bankers, LLC filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey, *In re Lancaster Mortgage Bankers, LLC*, Case No. 07-22479.

38.     On September 15, 2008, Lehman Brothers Holdings, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York, *In re Lehman Bros. Holdings, Inc.*, Case No. 08-13555.

39.     On February 7, 2009, Meritage Mortgage Corporation filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Texas, *In re Meritage Mort. Corp.*, Case No. 09-30971-SGJ-7.

40.     On June 18, 2010, Mountain View Mortgage Company filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Nevada, *In re Mountain View Mortgage Co.*, Case No. 10-21356.

41.     On June 8, 2007, Oak Street Mortgage LLC filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Indiana, *In re Oak Street Mortgage LLC*, Case No. 07-05279.

42.     On March 20, 2007, People's Choice Home Loan Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, *In re People's Choice Home Loan, Inc., et al.*, Case No. 07-10765 (RNK).

43.     On July 3, 2007, Premier Mortgage Funding, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, *In re Premier Mortgage Funding, Inc.*, Case No. 8:07-BK-05713-CPM.

44.     On May 1, 2009, Thornburg Mortgage Home Loans, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Maryland, *In re Thornburg Mortgage Home Loans, Inc.*, Case No. 09-17791.

45.     Pursuant to agreements containing certain indemnification provisions for the benefit of the Defendants (examples of which are attached hereto as Exhibit B), and/or pursuant to statutory and common law, the Bankrupt Originators and Bankrupt Sponsors owe the Defendants indemnification and/or contribution obligations for any claims arising out of the public offering of Certificates relating to the Mortgage Loans that they originated and/or sponsored.  Such claims include, without limitation, Plaintiffs' claims in this lawsuit arising out of such Mortgage Loans.

46.     Defendants have filed, or in the case of Meritage Mortgage Corporation will file, proofs of claim in the bankruptcy proceedings.

47.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), and this action may be removed to this Court by the Defendants pursuant to 28 U.S.C. § 1452(a), because this lawsuit is "related to" the bankruptcy cases described in ¶¶ 27 - 43 above. See, e.g., Parmalat Capital Fin. Ltd. v. Bank of Am. Corp., 639 F.3d 572, 579 (2d Cir. 2011) ("For the purposes of removal jurisdiction, a civil proceeding is 'related to' a title 11 case if the

action's outcome might have any 'conceivable effect' on the bankrupt estate.") (internal quotations and citations omitted); Abbatiello v. Monsanto Co., No. 06 Civ. 266 (KMW), 2007 WL 747804, at *2-3 (S.D.N.Y. Mar. 5, 2007); City of Ann Arbor Employees' Ret. Sys. v. Citigroup Mortgage Loan Trust Inc., 572 F. Supp. 2d 314, 315, 318-19 (E.D.N.Y. 2008); Mass. Bricklayers & Masons Trust Funds v. Deutsche Alt-A Sec. Inc., 399 B.R. 119, 121-23 (E.D.N.Y. 2009). This lawsuit relates to the Bankrupt Originators' and/or the Bankrupt Sponsors' bankruptcy proceedings described in ¶¶ 27 - 46 above because the Bankrupt Originators and/or the Bankrupt Sponsors owe the Defendants indemnity obligations which, as a result of any costs and expenses incurred by any of the Defendants to defend this Action and any judgment against any of the Defendants, could affect the property of the Bankrupt Originators and/or the Bankrupt Sponsors. An indemnity obligation of this type directly affects the property of the Bankrupt Originators and/or the Bankrupt Sponsors, and thus gives rise to "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b). See, e.g., City of Ann Arbor Employees' Ret. Sys., 572 F. Supp. 2d at 318-19; In re River Ctr. Holdings, LLC, 288 B.R. 59, 65-66 (Bankr. S.D.N.Y. 2003); Stichting Pensioenfonds ABP v. Countrywide Financial Corp., 447 B.R. 302, 309-10 (C.D. Cal. 2010).

48.    This is not a core proceeding under 28 U.S.C. § 157(b) or Fed. R. Bankr. P. 9027(a)(1). The Defendants do not consent to entry of final orders or judgment by any bankruptcy judge.

49.     Plaintiffs' claims under the Securities Act of 1933 do not render this action non-removable.  Claims that are considered non-removable under the Securities Act of 1933 may be removed pursuant to the jurisdictional prerequisites of 12 U.S.C. § 632 or pursuant to "related to" bankruptcy jurisdiction.  See Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 108 (2d Cir. 2004).

50.     The Defendants reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement of the grounds for removal."  28 U.S.C. 1446(a); United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meridien Square, Inc., 30 F.3d 298, 306 (2d Cir. 1994).

## V.     CONCLUSION

51.     This Court has original jurisdiction over this action, and this action is removable pursuant to 12 U.S.C. § 632, as well as 28 U.S.C. §§ 1334 and 1452.

BASED ON THE FOREGOING, the Defendants hereby remove the State Court Action, now

pending in the Supreme Court of the State of New York, County of New York, Case Number

652199/2011, to the United States District Court for the Southern District of New York.


DATED:        September ⦸, 2011


                              Respectfully submitted,


                              Jordan W. Siev
                              Jennifer L. Achilles
                              Brian S. Goldberg
                              William M. Krogh


                              REED SMITH LLP
                              599 Lexington Avenue
                              New York, New York 10022
                              Tel: 212-521-5400
                              Fax: 212-521-5450
                              e-mail:  jsiev@reedsmith.com
                                       jachilles@reedsmith.com
                                       bgoldberg@reedsmith.com
                                       wkrogh@reedsmith.com

                              Attorneys for Defendants COUNTRYWIDE FINANCIAL
                              CORPORATION, COUNTRYWIDE CAPITAL
                              MARKETS LLC, COUNTRYWIDE HOME LOANS,
                              INC., COUNTRYWIDE SECURITIES CORPORATION,
                              CWABS, INC., CWALT, INC., CWHEQ, INC., and
                              CWMBS, INC.

DATED:        Los Angeles, California
              September 6, 2011

                              Respectfully submitted,

                              Marc T.G. Dworsky
                              Richard C. St. John

                              MUNGER, TOLLES & OLSON LLP
                              355 South Grand Avenue, 35th Floor
                              Los Angeles, California 90071-1560
                              Tel: 310- 683-9100
                              Fax: 310-687-3702
                              e-mail: marc.dworsky@mto.com
                                      richard.stjohn@mto.com

                              Attorneys for Defendants BANK OF AMERICA
                              CORPORATION,  BANC OF AMERICA SECURITIES
                              LLC, BANK OF AMERICA, NATIONAL
                              ASSOCIATION, BANC OF AMERICA FUNDING
                              CORPORATION, BANC OF AMERICA MORTGAGE
                              SECURITIES, INC., ASSET BACKED FUNDING
                              CORPORATION, NB HOLDINGS CORPORATION,
                              MERRILL LYNCH & CO., INC., MERRILL LYNCH
                              MORTGAGE LENDING, INC., FIRST FRANKLIN
                              FINANCIAL CORPORATION, MERRILL LYNCH
                              MORTGAGE CAPITAL INC., MERRILL LYNCH
                              CREDIT CORPORATION, MERRILL LYNCH, PIERCE,
                              FENNER & SMITH INC., and MERRILL LYNCH
                              MORTGAGE INVESTORS, INC.