UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED

2011 SEP -7  P 7:08

U S DISTRICT COURT SDNY

| | |
|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., AIG SECURITIES LENDING CORPORATION, AMERICAN GENERAL ASSURANCE COMPANY, AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, AMERICAN GENERAL LIFE INSURANCE COMPANY, AMERICAN GENERAL LIFE INSURANCE COMPANY OF DELAWARE, AMERICAN HOME ASSURANCE COMPANY, AMERICAN INTERNATIONAL GROUP RETIREMENT PLAN, CHARTIS PROPERTY CASUALTY COMPANY, CHARTIS SELECT INSURANCE COMPANY, CHARTIS SPECIALTY INSURANCE COMPANY, COMMERCE AND INDUSTRY INSURANCE COMPANY, FIRST SUNAMERICA LIFE INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, NEW HAMPSHIRE INSURANCE COMPANY, SUNAMERICA ANNUITY AND LIFE ASSURANCE COMPANY, SUNAMERICA LIFE INSURANCE COMPANY, THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, and WESTERN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>-against-<br><br>BANK OF AMERICA CORPORATION, BANC OF AMERICA SECURITIES LLC, BANK OF AMERICA, NATIONAL ASSOCIATION, BANC OF AMERICA FUNDING CORPORATION, BANC OF AMERICA MORTGAGE SECURITIES, INC., ASSET BACKED FUNDING | Case No:  11-CIV-6212<br><br>Removed From:<br><br>Supreme Court of the State of New York, County of New York, No. 652199/2011 |

CORPORATION, NB HOLDINGS )
CORPORATION, MERRILL LYNCH & )
CO., INC., MERRILL LYNCH )
MORTGAGE LENDING, INC., FIRST )
FRANKLIN FINANCIAL )
CORPORATION, MERRILL LYNCH )
MORTGAGE CAPITAL INC., MERRILL )
LYNCH CREDIT CORPORATION, )
MERRILL LYNCH, PIERCE, FENNER & )
SMITH INC., MERRILL LYNCH )
MORTGAGE INVESTORS, INC., )
COUNTRYWIDE FINANCIAL )
CORPORATION, COUNTRYWIDE )
CAPITAL MARKETS LLC, )
COUNTRYWIDE HOME LOANS, INC., )
COUNTRYWIDE SECURITIES )
CORPORATION, CWABS, INC., )
CWALT, INC., CWHEQ, INC., and )
CWMBS, INC., )
)
                Defendants. )
)
)
)
)
)
)
)
)

## AMENDED NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Bank of America Corporation, Banc of America Securities

LLC, Bank of America, National Association, Banc of America Funding Corporation, Banc of

America Mortgage Securities, Inc., Asset Backed Funding Corporation, NB Holdings

Corporation, Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Lending, Inc., First Franklin

Financial Corporation, Merrill Lynch Mortgage Capital Inc., Merrill Lynch Credit Corporation,

Merrill Lynch, Pierce, Fenner & Smith Inc., Merrill Lynch Mortgage Investors, Inc.,

Countrywide Financial Corporation, Countrywide Capital Markets LLC, Countrywide Home

Loans, Inc., Countrywide Securities Corporation, CWABS, Inc., CWALT, Inc., CWHEQ, Inc.,

and CWMBS, Inc. (collectively, the "Defendants") hereby remove Case No. 652199/2011, filed in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.[1]  Because this Court has original jurisdiction over actions, like this one, involving a national bank and arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, and because this action is "related to" bankruptcy proceedings arising under Title 11 of the United States Code, this action is removable pursuant to 12 U.S.C. § 632, as well as 28 U.S.C. §§ 1334 and 1452.

## I.     PROCEDURAL HISTORY AND BACKGROUND

1.     On August 8, 2011, Plaintiffs American International Group, Inc., AIG Securities Lending Corporation, American General Assurance Company, American General Life and Accident Insurance Company, American General Life Insurance Company, American General Life Insurance Company of Delaware, American Home Assurance Company, American International Group Retirement Plan, Chartis Property Casualty Company, Chartis Select Insurance Company, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, First SunAmerica Life Insurance Company, Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, New Hampshire Insurance Company, SunAmerica Annuity and Life Assurance Company, SunAmerica Life Insurance Company, the Insurance Company of the State of Pennsylvania, the United States Life Insurance Company in

---

[1]     The Defendants appear for the purpose of removal only and for no other purpose.  The Defendants expressly preserve and do not waive any and all rights, claims and defenses of any nature whatsoever, including, without limitation, all defenses relating to jurisdiction, venue and arbitrability.  See, e.g., Cantor Fitzgerald. L.P. v. Peaslee, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses," including "defense of lack of personal jurisdiction."); Gay v. Carlson, No. 89 Civ. 4757 (KMW), 1991 WL 190584, at *5 (S.D.N.Y. Sept. 17, 1991) ("[M]erely by removing a case from state to federal court a party does not waive any of its defenses under Rule 12(b).").

the City of New York, the Variable Annuity Life Insurance Company, and Western National Life Insurance Company ("Plaintiffs") commenced this action (the "State Court Action") by filing a Summons and Complaint in the Supreme Court for the State of New York, County of New York, captioned *American International Group, et al. v. Bank of America Corporation, et al.* (the "Complaint").

2.      Among the Defendants is Bank of America, N.A., a national bank organized under the laws of the United States.

3.      Plaintiffs allege that the originators of loans (the "Mortgage Loans") underlying the residential mortgage-backed securities they purchased (the "Certificates") "encouraged borrowers to falsify loan applications, pressured property appraisers to inflate home values, and ignored obvious red flags in the underwriting process." Compl. at ¶ 3. According to Plaintiffs, the underwriting guidelines in the lending process "had been replaced by an undisclosed governing principle: Defendants would originate or acquire any loan that could be sold to third-party investors . . . no matter how risky." *Id.* at ¶ 4.

4.      The offering documents relating to the Certificates generally include statements to the effect that the properties underlying the Mortgage Loans "may be located in . . . Guam, Puerto Rico or any other territory of the United States." And, in fact, some of the Mortgage Loans were originated in dependencies or insular possessions of the United States. Moreover, the loan pools included Mortgage Loans originated by subsidiaries of foreign banks; foreign bank subsidiaries even issued some of the Certificates purchased by Plaintiffs. Accordingly, removal is proper under 12 U.S.C. § 632.

5.      Defendants are alleged to have been issuers, sellers, sponsors, originators, underwriters, and/or depositors for the relevant offerings, or are alleged to be otherwise liable for the conduct of the defendant entities that served in these roles in the relevant offerings. Compl. at ¶¶ 2, 51-76.

6.      Plaintiffs purport to bring claims against the Defendants under the Securities Act of 1933 and common law based on alleged misstatements and/or omissions of material fact in connection with their purchases of the Certificates at issue. See Compl. at ¶¶ 461-521.

7.      The Sponsors of certain Certificates have filed petitions for relief under the United States Bankruptcy Code.  Therefore, removal to this Court pursuant to 28 U.S.C. § 1452(a) is proper because this Court has original jurisdiction over this action as one "related to" bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b).

8.      The allegations against the Defendants also arise in part from Certificates backed by Mortgage Loans originated or acquired by entities that have filed petitions for relief under the United States Bankruptcy Code, or whose parent corporations have filed petitions for relief under the United States Bankruptcy Code.  For this reason also, removal to this Court pursuant to 28 U.S.C. § 1452(a) is proper because this Court has original jurisdiction over this action as one "related to" bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b).

9.      The Defendants' time to respond to the Summons and Complaint has not yet expired, and no defendant has served or filed an answer or motion or otherwise appeared in the State Court Action.

10.     No motion or other proceedings in this action are pending in the State Court
Action.

## II.     PROCEDURAL REQUIREMENTS FOR REMOVAL

11.     The Defendants received the Summons and Complaint on August 8, 2011. In
accordance with 28 U.S.C. § 1446(a), copies of the Summons and Complaint, as well as all
process, pleadings, and orders served in this action, are attached hereto as Exhibit A.

12.     Removal is timely under 28 U.S.C. § 1446(b) because the Defendants filed this
Notice of Removal within 30 days after receipt of the Complaint.

13.     Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because this
district embraces the County of New York, in which the State Court Action was originally
pending. See 28 U.S.C. § 112(b).

14.     The Defendants will promptly serve all parties with a true and correct copy of this
Notice of Removal pursuant to 28 U.S.C. § 1446(d). Pursuant to Fed. R. Civ. P. 5(d), the
Defendants will file with this Court a Certificate of Service of Notice to Adverse Parties of
Removal to Federal Court.

15.     In accordance with 28 U.S.C. § 1446(d), the Defendants will promptly file with
the Clerk of the Supreme Court of the State of New York, County of New York, a true and
correct copy of this Notice of Removal.

16.     Each of the Defendants served in the Action consents to removal of the Action to
this Court, subject to and without waiving any defenses and rights available to them.

- 6 -

17.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

## III.   BASIS FOR JURISDICTION UNDER 12 U.S.C. § 632

18.     This Court has original jurisdiction over this action because it names a corporation organized under the laws of the United States as a party, asserts claims under common law or equity, and "aris[es] out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries." 12 U.S.C. § 632.

19.     Defendant Bank of America, N.A., as a chartered national banking association, is organized under the laws of the United States and Plaintiffs have asserted causes of action for common law fraud and negligent misrepresentation. See Bank of America Corp. v. Lemgruber, 385 F. Supp. 2d 200, 214-15 (S.D.N.Y. 2005) (noting Bank of America, N.A. is a corporation organized under the laws of the United States, satisfying Section 632).

20.     Plaintiffs' claims concern mortgage lending practices of the Defendants and other originators of the Mortgage Loans, including their practices in dependencies and insular possessions of the United States. See, e.g., Burgos v. Citibank, N.A., 432 F.3d 46, 47 n.1, 49 (1st Cir. 2005) ("Section 632 applies to banking transactions in Puerto Rico," such as "mortgage loan agreements."). Investors were told that the pools of loans underlying the Certificates may include loans on properties located in those jurisdictions and, in some instances, such loans were included.

21.     Subsidiaries of foreign banks originated some of the Mortgage Loans included in these loan pools, and in some instances issued or underwrote the actual Certificates purchased by Plaintiffs.  See Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 792 (2d Cir. 1980) (Section 632 jurisdiction premised on a transaction in New York where a New York corporation—no longer a defendant in the action—drew on a letter of credit that benefitted a foreign corporation); Contitrade Servs. Corp. v. Eddie Bauer, Inc., 794 F. Supp. 514, 517 (S.D.N.Y. 1992) (upholding jurisdiction where two of eight letters of credit issued by a national bank for an American company benefitted a foreign corporation).

22.     "A suit satisfies the jurisdictional prerequisites of Section 632 if *any part of it* arises out of transactions involving international or foreign banking." Bank of America Corp. v. Lemgruber, 385 F. Supp. 2d 200, 214 (S.D.N.Y. 2005) (emphasis in original) (citation omitted). Thus, federal courts "routinely" extend federal jurisdiction on the basis of Section 632 "in cases based on state law causes of action and containing only an incidental connection to banking law," and "even though the international or foreign banking activity was not central to the case." In re Lloyd's Am. Trust Fund Litig., 928 F. Supp. 333, 340 (S.D.N.Y. 1996) (collecting cases). For instance, the court in Bank of America Corp. v. Lemgruber found that a claim alleging breach of a stock purchase agreement involved international banking given that the warranties of the issuing corporation were rendered untrue by, in part, "fraudulent loans, and purchases of bogus certificates of deposit."  385 F. Supp. 2d at 215; see also People of Puerto Rico v. Eastern Sugar Assocs., 156 F.2d 316, 318-20 (1st Cir. 1946) (finding jurisdiction "clear" under Section 632 for petition to condemn land in Puerto Rico; the suit "arose out of a transaction involving banking in an insular possession of the United States" by virtue of bank's mortgage on the land).

23.     Section 632 confers jurisdiction even if only "a small portion" of the transactions underlying Plaintiffs' allegations involve mortgages originated by a subsidiary of a foreign bank or secured by properties in a dependency or insular possession of the United States. See Pinto v. Bank One Corp., 2003 WL 21297300, at *3 (S.D.N.Y. June 4, 2003) (holding that credit card transactions at issue were "foreign" for purposes of Section 632 when only five of them—"a small portion of the total listed on all [plaintiff's] statements"—used a non-party bank located in Bermuda as a merchant bank).

## IV.     BASIS FOR "RELATED TO" BANKRUPTCY JURISDICTION

24.     This Court has original jurisdiction over this action as one "related to" bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b), and this action may be removed to this Court pursuant to 28 U.S.C. § 1452(a).

25.     The Sponsors of certain Certificates (or the parent companies of said Sponsors) have filed petitions for relief under the United States Bankruptcy Code (the "Bankrupt Sponsors"). The Bankrupt Sponsors include but are not limited to American Home Mortgage Investment Corp., Fieldstone Mortgage Corporation, and Lehman Brothers Holdings, Inc.

26.     The allegations against the Defendants arise in part from Certificates backed by Mortgage Loans originated or acquired by entities that have filed petitions for relief under the United States Bankruptcy Code, or whose parent corporations have filed petitions for relief under the United States Bankruptcy Code (the "Bankrupt Originators"). The Bankrupt Originators include but are not limited to:  Ace Mortgage Funding LLC; Alliance Bancorp; Alliance Bancorp Inc. (f/k/a United Financial Mortgage Corp.); American Home Mortgage Corp.; Cal Coast

- 9 -

Mortgage Corp.; Cameron Financial Group, Inc.; ComUnity Lending, Inc.; Fieldstone Mortgage Company; First NLC Financial Services LLC; Homebanc Mortgage Corporation; Lancaster Mortgage Bankers, LLC; Meritage Mortgage Corporation; Mountain View Mortgage Company; Oak Street Mortgage LLC; People's Choice Home Loan Inc.; Premier Mortgage Funding, Inc.; and Thornburg Mortgage Home Loans, Inc.

27.     On November 5, 2007, Ace Mortgage Funding LLC filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re Ace Mortgage Funding, LLC*, Case No. 08-12645.

28.     On July 13, 2007, Alliance Bancorp filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re Alliance Bancorp*, Case No. 07-10942.

29.     On July 13, 2007, Alliance Bancorp Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re Alliance Bancorp Inc.*, Case No. 07-10943.

30.     On August 6, 2007, American Home Mortgage Investment Corp. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re American Home Mortgage Investment Corp.*, Case No. 07-11048.

31.     On August 6, 2007, American Home Mortgage Corp.'s parent, American Home Mortgage Holdings, Inc., filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re American Home Mortgage Holdings, Inc.*, Case No. 07-11047 (CSS).

32.     On October 5, 2006, Cal Coast Mortgage Corporation filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of California, *In re Cal Coast Mortgage Corp.*, Case No. 06-02981.

33.     On February 19, 2008, Cameron Financial Group, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, *In re Cameron Financial Group, Inc.*, Case No. 08-10322.

34.     On January 4, 2008, ComUnity Lending, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California, *In re ComUnity Lending, Inc.*, Case No. 08-50030 (CN).

35.     On November 23, 2007, Fieldstone Mortgage Company filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Maryland, *In re Fieldstone Mortgage Company*, Case No. 07-21814-JS.

36.     On January 18, 2008, First NLC Financial Services LLC filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Florida, *In re First NLC Financial Services, LLC*, Case No. 08-10632.

37.     On August 9, 2007, Homebanc Mortgage Corporation filed a voluntary petition

for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the

District of Delaware, *In re Homebanc Mortgage Corp.*, Case No. 07-11079-KJC.

38.     On August 31, 2007, Lancaster Mortgage Bankers, LLC filed a voluntary petition

for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the

District of New Jersey, *In re Lancaster Mortgage Bankers, LLC*, Case No. 07-22479.

39.     On September 15, 2008, Lehman Brothers Holdings, Inc. filed a voluntary

petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court

for the Southern District of New York, *In re Lehman Bros. Holdings, Inc.*, Case No. 08-13555.

40.     On February 7, 2009, Meritage Mortgage Corporation filed a voluntary petition

for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the

Northern District of Texas, *In re Meritage Mort. Corp.*, Case No. 09-30971-SGJ-7.

41.     On June 18, 2010, Mountain View Mortgage Company filed a voluntary petition

for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the

District of Nevada, *In re Mountain View Mortgage Co.*, Case No. 10-21356.

42.     On June 8, 2007, Oak Street Mortgage LLC filed a voluntary petition for relief

under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern

District of Indiana, *In re Oak Street Mortgage LLC*, Case No. 07-05279.

43.     On March 20, 2007, People's Choice Home Loan Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, *In re People's Choice Home Loan, Inc., et al.*, Case No. 07-10765 (RNK).

44.     On July 3, 2007, Premier Mortgage Funding, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, *In re Premier Mortgage Funding, Inc.*, Case No. 8:07-BK-05713-CPM.

45.     On May 1, 2009, Thornburg Mortgage Home Loans, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Maryland, *In re Thornburg Mortgage Home Loans, Inc.*, Case No. 09-17791.

46.     Pursuant to agreements containing certain indemnification provisions for the benefit of the Defendants (examples of which are attached hereto as Exhibit B), and/or pursuant to statutory and common law, the Bankrupt Originators and Bankrupt Sponsors owe the Defendants indemnification and/or contribution obligations for any claims arising out of the public offering of Certificates relating to the Mortgage Loans that they originated and/or sponsored. Such claims include, without limitation, Plaintiffs' claims in this lawsuit arising out of such Mortgage Loans.

47.     Defendants have filed, or in the cases of Meritage Mortgage Corporation and Fieldstone Mortgage Company (on behalf of Merrill Lynch, Pierce Fenner & Smith Inc.) will file, proofs of claim in the bankruptcy proceedings.

- 13 -

48.     This Court has original jurisdiction over this action pursuant to 28 U.S.C.

§ 1334(b), and this action may be removed to this Court by the Defendants pursuant to 28 U.S.C.

§ 1452(a), because this lawsuit is "related to" the bankruptcy cases described in ¶¶ 27 - 45 above.

See, e.g., Parmalat Capital Fin. Ltd. v. Bank of Am. Corp., 639 F.3d 572, 579 (2d Cir. 2011)

("For the purposes of removal jurisdiction, a civil proceeding is 'related to' a title 11 case if the

action's outcome might have any 'conceivable effect' on the bankrupt estate.") (internal

quotations and citations omitted); Abbatiello v. Monsanto Co., No. 06 Civ. 266 (KMW), 2007

WL 747804, at *2-3 (S.D.N.Y. Mar. 5, 2007); City of Ann Arbor Employees' Ret. Sys. v.

Citigroup Mortgage Loan Trust Inc., 572 F. Supp. 2d 314, 315, 318-19 (E.D.N.Y. 2008); Mass.

Bricklayers & Masons Trust Funds v. Deutsche Alt-A Sec. Inc., 399 B.R. 119, 121-23 (E.D.N.Y.

2009).  This lawsuit relates to the Bankrupt Originators' and/or the Bankrupt Sponsors'

bankruptcy proceedings described in ¶¶ 27 - 46 above because the Bankrupt Originators and/or

the Bankrupt Sponsors owe the Defendants indemnity obligations which, as a result of any costs

and expenses incurred by any of the Defendants to defend this Action and any judgment against

any of the Defendants, could affect the property of the Bankrupt Originators and/or the Bankrupt

Sponsors.  An indemnity obligation of this type directly affects the property of the Bankrupt

Originators and/or the Bankrupt Sponsors, and thus gives rise to "related to" bankruptcy

jurisdiction under 28 U.S.C. § 1334(b).  See, e.g., City of Ann Arbor Employees' Ret. Sys., 572

F. Supp. 2d at 318-19; In re River Ctr. Holdings, LLC, 288 B.R. 59, 65-66 (Bankr. S.D.N.Y.

2003); Stichting Pensioenfonds ABP v. Countrywide Financial Corp., 447 B.R. 302, 309-10

(C.D. Cal. 2010).

49.     This is not a core proceeding under 28 U.S.C. § 157(b) or Fed. R. Bankr. P. 9027(a)(1). The Defendants do not consent to entry of final orders or judgment by any bankruptcy judge.

50.     Plaintiffs' claims under the Securities Act of 1933 do not render this action non-removable. Claims that are considered non-removable under the Securities Act of 1933 may be removed pursuant to the jurisdictional prerequisites of 12 U.S.C. § 632 or pursuant to "related to" bankruptcy jurisdiction. See Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 108 (2d Cir. 2004).

51.     The Defendants reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement of the grounds for removal." 28 U.S.C. 1446(a); United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meridien Square, Inc., 30 F.3d 298, 306 (2d Cir. 1994).

## V.     CONCLUSION

52.     This Court has original jurisdiction over this action, and this action is removable pursuant to 12 U.S.C. § 632, as well as 28 U.S.C. §§ 1334 and 1452.

BASED ON THE FOREGOING, the Defendants hereby remove the State Court Action, now pending in the Supreme Court of the State of New York, County of New York, Case Number 652199/2011, to the United States District Court for the Southern District of New York.

DATED:     New York, New York
           September 7, 2011

Respectfully submitted,

Amy J. Greer
Jordan W. Siev
Jennifer L. Achilles
Brian S. Goldberg
William M. Krogh

REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel: 212-521-5400
Fax: 212-521-5450
e-mail:  agreer@reedsmith.com
         jsiev@reedsmith.com
         jachilles@reedsmith.com
         bgoldberg@reedsmith.com
         wkrogh@reedsmith.com

Attorneys for Defendants COUNTRYWIDE FINANCIAL
CORPORATION, COUNTRYWIDE CAPITAL
MARKETS LLC, COUNTRYWIDE HOME LOANS,
INC., COUNTRYWIDE SECURITIES CORPORATION,
CWABS, INC., CWALT, INC., CWHEQ, INC., and
CWMBS, INC.

DATED:     Los Angeles, California
               September 7, 2011

Respectfully submitted,

Marc T.G. Dworsky
Richard C. St. John

MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Tel: 310- 683-9100
Fax: 310-687-3702
e-mail: marc.dworsky@mto.com
          richard.stjohn@mto.com

Attorneys for Defendants BANK OF AMERICA
CORPORATION,  BANC OF AMERICA SECURITIES
LLC, BANK OF AMERICA, NATIONAL
ASSOCIATION, BANC OF AMERICA FUNDING
CORPORATION, BANC OF AMERICA MORTGAGE
SECURITIES, INC., ASSET BACKED FUNDING
CORPORATION, NB HOLDINGS CORPORATION,
MERRILL LYNCH & CO., INC., MERRILL LYNCH
MORTGAGE LENDING, INC., FIRST FRANKLIN
FINANCIAL CORPORATION, MERRILL LYNCH
MORTGAGE CAPITAL INC., MERRILL LYNCH
CREDIT CORPORATION, MERRILL LYNCH, PIERCE,
FENNER & SMITH INC., and MERRILL LYNCH
MORTGAGE INVESTORS, INC.

Exhibits A and B are on file with the
Clerk of Court pursuant to the annexed
letter endorsed by Hon. Richard M. Berman

# ReedSmith

MEMO ENDORSED

RECEIVED
SEP 06 2011
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

Jordan W. Siev
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

September 6, 2011

**By Hand**

Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

The Complaint, along with the notice of Removal shall be filed on ECF. The exhibits + the Complaint may be filed with the Clerk of Court.

SO ORDERED:
Date: 9/6/11

_Richard A. Berman_
Richard M. Berman, U.S.D.J.

Re: American International Group, Inc. et al. v. Bank of America Corporation et al.

Your Honor:

We represent Defendants Countrywide Financial Corporation, Countrywide Capital Markets LLC, Countrywide Home Loans, Inc., Countrywide Securities Corporation, CWABS, Inc., CWALT, Inc., CWHEQ, Inc., and CWMBS, Inc. in the above-referenced action. We are writing in connection with the Notice of Removal that we, along with the other Defendants, filed in person today.

We were advised by the Clerk of Court to write to Your Honor seeking permission to file physical copies of the voluminous documents that are labeled Exhibits A and B to the Notice of Removal, in lieu of having them filed electronically. These documents, including the 187-page Complaint and its 353 exhibits, consist of thousands of pages of materials. Accordingly, we respectfully request that Your Honor grant permission for us to file physical copies of the exhibits to the Notice of Removal, to be on file with the Clerk of Court, instead of having these documents filed on the Court's

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/7/11

September 6, 2011
Page 2

ReedSmith

ECF system.

Respectfully submitted,

Jordan W. Siev

JWS:bh

cc:    Michael B. Carlinsky, Esq.
       Marc Dworsky, Esq.

**SO ORDERED:**

_____
U.S. District Judge

Dated:    New York, New York
          September ___, 2011