UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
AMERICAN INTERNATIONAL GROUP,            :
INC., et al.,                            :
                                         :
                    Plaintiffs,          :
          v.                             :      11 Civ. 6212 (BSJ)
                                         :      Opinion & Order
BANK OF AMERICA CORPORATION,             :
et al.,                                  :
                                         :
                                         :
                    Defendants.          :
                                         :
----------------------------------------X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Defendants, Bank of America Corporation et al. ("BOA") seek leave to file a Corrected Supplemental Notice of Removal in the above-captioned case against Plaintiffs, American International Group, Inc., et al. ("AIG"). For the reasons that follow, Defendants' motion is denied.

## BACKGROUND

Plaintiffs initiated this action in New York State Court in August 2011. Defendants removed the action to federal court, and Plaintiffs then filed a motion in this Court to remand the case to state court. On October 20, 2011, the Court denied Plaintiffs' remand motion, finding that there was federal jurisdiction over the case. (Dkt. No. 43.) Specifically, the Court found federal jurisdiction under the Edge Act, 12 U.S.C. § 632. The Court denied Plaintiffs' motion for reconsideration.

(Dtk. No. 76.)  The Court confirmed its conclusion regarding Edge Act jurisdiction and additionally addressed Defendants' alternative basis for federal jurisdiction, as a civil proceeding "related to" cases under the United States Bankruptcy Code.  28 U.S.C. § 1334(b). The Court found that three of the bankruptcy proceedings asserted by Defendants provided a sufficient basis for "related to" jurisdiction.  (Dkt. No. 76, at 9-13.)[1]  The Court acknowledged in dictum that, notwithstanding the existence of "related to" jurisdiction, there may be compelling reasons for exercising its discretion to equitably abstain in this case.  However, the Court refrained from making any conclusions of law with respect to the equitable abstention issue given that it had already decided that jurisdiction was proper under the Edge Act.  (Dkt. No. 76 at 13.)  The case remains pending in federal court.

Defendants now seek leave to file a Corrected Supplemental Notice of Removal that asserts additional bankruptcy filings as a basis for the exercise of "related to" jurisdiction, which were filed after Defendants' initial notice of removal.

**DISCUSSION**

---

[1] The underlying facts and procedural history of this case are outlined in detail in the Court's previous Orders and therefore will not be repeated here.

Defendants argue that supplemental notices of removal are appropriate where, as here, the new basis for removal arises more than thirty days after the initial removal petition.

Defendants' analysis is incorrect in the context of this case.  Here, Defendants attempt to add additional jurisdictional facts (i.e., the existence of additional, potentially related, bankruptcy filings) in the Corrected Supplemental Notice of Removal, presumably, to bolster the Court's previous finding of "related to" jurisdiction.  That attempt is improper.

Defendants' proposed filing cannot be characterized as a mere clarification or correction of their initial petition—which would be permitted—as the newly proffered bankruptcies did not exist at the time of the initial petition. See <u>Wyant v. Nat'l R.R. Passenger Corp.</u>, 881 F. Supp. 919, 924 (S.D.N.Y. 1995) (noting that courts generally allow amended notices of removal only when "the proposed amendments are technical in nature or merely serve to clarify what was contained in the original notice for removal") (citation omitted).  In that light, Defendants' effort to shore up the basis of the "related to" jurisdiction is no different from an effort to remedy a substantive defect in the initial petition, which would not be permissible at this advanced stage in the litigation.  See <u>id.</u> ("[A] defendant may not amend its notice of removal after th[e]

3

thirty-day period [after the initial pleading] to remedy a substantive defect in the petition.")

In short, the Court is limited in its jurisdictional analysis to the facts in existence at the time of removal, see, e.g., Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56-57 (2d Cir. 2006), and, accordingly, rejects Defendants' request to file the Corrected Supplemental Notice of Removal.

## CONCLUSION

For the reasons set for above, Defendants' motion for leave to file a Corrected Supplemental Notice of Removal is denied.

**SO ORDERED:**

Barbara S. Jones
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         July 29, 2012